<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                        :
COREY LANE,                             :          Civil Action No. 16-7814 (JMV)
                                        :
                  Petitioner,           :
                                        :
        v.                              :                  **OPINION**
                                        :
SUPERIOR COURT OF NEW JERSEY,           :
                                        :
                  Respondent.           :
_____:

**VAZQUEZ**, United States District Judge

        Petitioner, who is not a prisoner, filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241, paid the filing fee, and made two subsequent amendments to the petition.  (ECF

Nos. 1, 2, 3.)  He is seeking emergency reinstatement of shared physical custody of his children,

alleging the state court custody order was based on fraudulent evidence in violation of his rights

to procedural due process and equal protection.  (ECF No. 3, ¶6.)

I.        <u>HABEAS RULES</u>

        Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts

describes the scope of the Habeas Rules.  Rule 1(b) provides "[t]he district court may apply any

or all of these rules to a habeas petition not covered by Rule 1(a)."[1]  Thus, courts typically apply

the Rules Governing Section 2254 Cases in the United States District Courts to petitions for a writ

of habeas corpus brought under 28 U.S.C. § 2241.  *See e.g. Conyers v. Hollingsworth*, Civ. No.

14-7035(NLH), 2015 WL 6502101, at *2 (D.N.J. Oct. 27, 2015); *Drabovskiy v. Warden, FCI*

---

[1] Rule 1(a) establishes that the rules govern a petition for a writ of habeas corpus filed in a
United States district court under 28 U.S.C. § 2254.

*Allenwood*, Civ. No. 4:10-CV-2226, 2010 WL 5463332, at *1 (M.D. Pa. Nov. 1, 2010).

Rule 4 states, in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the clerk to notify the petitioner. . .

Therefore, this Court will review the petition.

## II.     DISCUSSION

### A.     The Petition

In his Second Amended Petition (ECF No. 3), Petitioner names the Superior Court of New Jersey as the respondent to the petition. Petitioner alleges, "[c]urrently, I am refrained from having unsupervised custody visitation and custody of my 4 minor children . . ." (*Id.*, ¶4.) Petitioner seeks emergency reinstatement of his shared physical custody of his children. (*Id.*, ¶5.) Petitioner explains that he is challenging Judge Melchionne's "decision to terminate litigation without reinstating my shared physical custody of my 4 children absent any requisite proof of harm . . ." (*Id.*, ¶6.) Judge Melchionne's decision issued on February 26, 2016, in the Superior Court of New Jersey, in Hackensack, New Jersey, Docket Nos. FM-02-301-15 and FM-02-1520-14. (*Id.*)

### B.     Analysis

28 U.S.C. § 2241(c) provides:

> The writ of habeas corpus shall not extend to a prisoner unless--
>
> > (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> >
> > (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

2

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

"Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Children's Service Agency*, 458 U.S. 502, 511 (1982). "It is settled that 'the jurisdiction of courts of the United States to issue writs of habeas corpus is limited to cases of persons alleged to be restrained of their liberty in violation of the Constitution or of some law or treaty of the United States, and cases arising under the law of nations." <u>Matters v. Ryan</u>, 249 U.S. 375, 315 (1919) (quoting *Carfer v. Caldwell*, 200 U.S. 293, 295 (1906) (additional citations omitted). Therefore, this Court lacks jurisdiction under 28 U.S.C. § 2241 to provide the relief sought by Petitioner.

III.    <u>CONCLUSION</u>

For the reasons discussed above, the Court will dismiss the petition for lack of jurisdiction.

An appropriate Order follows.

Date: December 8, 2016                    s/John Michael Vazquez
 New Jersey                               JOHN MICHAEL VAZQUEZ
                                          United States District Judge

3